UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAYTONA INTERNATIONAL
SPEEDWAY, LLC,

    Plaintiff,

v.                                        Case No: 6:18-cv-472-Orl-31TBS

GLOBAL BARISTAS, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Default Judgment (Doc. 10). For the reasons that follow, I **respectfully recommend** that the motion be **granted**.

### I. Background

On March 29, 2018, Plaintiff filed a petition for confirmation of an arbitration award entered on February 27, 2018 by the Arbitration Panel in Daytona Beach, Florida (Doc. 1). Defendant has not appeared in this case. On April 26, 2018, the Clerk of Court entered a default against Defendant, pursuant to FED. R. CIV. P. 55(a) (Doc. 9). On April 30, 2018, Plaintiff sought entry of a default judgment against Defendant (Doc. 10).

### II. Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). The mere entry of a default by the Clerk does not necessarily require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). To

enter a judgment, pursuant to FED. R. CIV. P. 55(b), there must be sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

### A. Appropriateness of the Clerk's Entry of Default Against Defendant

A plaintiff may serve a corporate defendant by,

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1)(B). A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) an agent designated by the corporation under FLA. STAT. 48.091.[2] See FLA. STAT. § 48.081. If the address provided for the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[2] FLA. STAT. § 48.091 provides that:

> (1)  Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with

- 2 -

registered agent, officer, or director is a residence or private residence, "service on the corporation may be [made by] serving the registered agent, officer, or director in accordance with s. 48.031." Id. at § 48.081(3)(b). Section 48.031, permits a process server to effect service on "any person residing therein who is 15 years of age or older ..." FLA. STAT. § 48.031(1)(a).

The return of service shows that Blake Murray of Unisearch, Inc. was served on behalf of the corporation (Doc. 5). Unisearch is the registered agent, according to Washington state corporation records.[3] The official address listed for registered agent Unisearch is: 1780 Barnes Boulevard SW, Tumwater, Washington 98512 (Doc. 5 at 2).[4] Plaintiff served Defendant on March 30, 2018 (Doc. 5 at 1). Pursuant to Rule 4(h) and FLA. STAT. § 48.031(1)(a), service on Defendant was proper. Upon being served with the summons and complaint, Defendant was required to respond on or before April 20, 2018. See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). Defendant has failed to respond to the complaint and the time within to do so has passed. Thus, the clerk's default was properly entered against Defendant.

---

chapter 607.

(2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Under the statute, if plaintiff is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." FLA. STAT. § 48.081(3)(a).

[3] https://www.sos.wa.gov/corps/

[4] Id.

B. Confirmation of Arbitration Award

Pursuant to the FAA, a party may apply to a district court for an order confirming an arbitration award, and "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed" in the statute. 9 U.S.C. § 9. "Judicial review of arbitration awards under the FAA is very limited." Fornell v. Morgan Keegan & Co, Inc., No. 6:12-cv-38-Orl-28TBS, 2012 WL 3155727, at *1 (M.D. Fla. Aug. 3, 2012). The statute "presumes that arbitration awards will be confirmed and enumerates only four narrow bases for vacatur." Id. (internal citation omitted).

Plaintiff has presented a valid arbitration award to the Court (Doc. 1-2). None of the bases for vacatur apply here. See Univ. Commons-Urbana, Ltd. v. Universal Constructors, Inc., 304 F.3d 1331, 1339 (11th Cir. 2002) (It is well established that to vacate an arbitration award due to the "evident partiality" of an arbitrator, the movant bears the burden of showing that "(1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists.") (quoting Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc., 146 F.3d 1309, 1312 (11th Cir. 1998)). Defendant was properly served and failed to defend this action.

III. Conclusion

On this record, I respectfully recommend that the district judge:

(1) **GRANT** Plaintiff's Motion for Entry of Default Judgment Against Defendant (Doc. 10);

(2) **ENTER JUDGMENT** for Plaintiff and against Defendant for:

    a. $713,742.50 in actual damages;

    b. $39,348.00 in attorney's fees;

      c. $11,672.52 in costs; and

      d. Post-judgment interest at the prevailing rate; and

(3) **DIRECT** the clerk to close the file.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on May 4, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record